THE PEOPLE OF PUERTO RICO, Plaintiff, *v.* THE FAJARDO SUGAR CO. OF PORTO RICO ET AL, Defendants.

No. 1. Argued May 3, 1937.—Decided July 12, 1937.

868

*B. Fernández García,* Attorney General, *M. Guerra Mondragón, R. Rivera Zayas,* and *Lester P. Schoene,* for plaintiff. *J. Henri Brown, Jaime Sifre, Jr., José A. Poventud,* and *Arturo Aponte* for defendants.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On April 26, 1937, the defendant The Fajardo Sugar Growers Association filed an amended motion requesting the cancellation of the records of notices entered in the Registries of Property of Humacao and San Juan, with respect to the pendency of the *quo warranto* proceeding herein. These *lis pendens* notices were noted on the margin of the records of several properties, which belong to said defendant and which are described in Exhibits ''D'' and ''E'' attached to the complaint. The moving party alleges that all the properties affected by the record of the notice of *lis pendens,* with the exception of those described under the numbers 62, 65, 68, 69, 70, 71, 93, and 96 in Exhibit ''E'', were acquired by it prior to the passage of Acts Nos. 33 and 47, approved on July 22 and August 7, 1935, respectively (Laws of Puerto Rico, Special Session, pp. 418 and 530); that the records made are ineffective and void because the provisions of section 91 of the Code of Civil Procedure are not applicable to a case like the present one; and that even if such provisions were applicable, the said records would still be ineffective and void:

1. Because said Act No. 47 is invalid in so far as it authorizes the imposition of a penalty for violations of the Organic Act or of the Joint Resolution of Congress of May 1, 1900, as the Insular Legislature has no power to punish violations of federal statutes.

2. Because said Act No. 47 is void, as it includes more than one subject, in violation of section 34 of the Organic Act of Puerto Rico, the said act dealing with *quo warranto* proceedings, cancellation of records, nullity of acts and contracts, and sale and expropriation of properties.

It is claimed that Act No. 47 is void on the further grounds that it violates section 34 of the Organic Act by referring in its section 1 to provisions of the Organic Act by the title thereof only without reproducing or publishing those parts of the federal statute which were sought to be extended or amended; that it attempts to incorporate by reference to its title the Law of Eminent Domain of Puerto Rico, without expressing the subject in the title of Act No. 47; that the People of Puerto Rico interprets it in the sense of authorizing *quo warranto* proceedings against individuals or entities which are not corporations, without its title so stating; that it imposes penalties without mentioning them in its title; that the title of the act fails to express that its provisions will have retroactive effect; and that it impairs the obligation of contracts of the defendants.

The moving party alleges that the provisions of Act No. 47 can not be applied to it, as it is not a corporation.

Lastly, it is alleged in the motion that the *lis pendens* notices are void in so far as the properties acquired by the defendants prior to the approval of Act No. 47 are concerned, because said notices would be authorized by section 91 of the Code of Civil Procedure only in regard to the provisions of section 6 of the *Quo Warranto* Act of March 1, 1902, as amended by section 2 of Act No. 47; and that said provisions of Act No. 47 are ineffective and void (*a*) because they establish penalties which did not exist when the immovables were acquired, thus rendering the statute an *ex post facto* law and as such prohibited by section 2 of the

Organic Act; and (b) because they deprive the defendant of the due process of law and the equal protection of the laws, by affecting contracts made and recorded prior to the approval of Act No. 47.

The other two defendants, The Fajardo Sugar Co. of Porto Rico and the Loíza Sugar Company, have filed separate briefs in support of the motion, and the plaintiff has objected to the cancellation requested.

The only legal question presented by this motion is: Are the provisions of section 91 of the Code of Civil Procedure applicable to such a state of facts and of law as is described in the complaint? After a study of said question in the light of the jurisprudence established by this court, we must hold that they are applicable.

Said section, as quoted by this court in the case of *Manrique de Lara* v. *Registrar,* 23 P.R.R. 803, reads thus:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. . . ."

The language of the statute is very clear. To record a *lis pendens* notice it is not necessary, as the respondents claim, that there should be a controversy between the parties as to the title or right to possession of real property, nor that the plaintiff should claim some right to the ownership or to the possession of the immovable. This Supreme Court has held in several decisions that all that is required is that the action exercised affect the title or the right of possession. In *Manrique de Lara* v. *Registrar, supra,* this court said:

"As will be seen, the English version does not exact as a condition for recording a notice of the complaint or answer that the plain-

tiff or defendant, as the case may be, pray that he be adjudged the owner of the property sued for; but, according to said version, it is sufficient that the action affect the title or the right of possession of real property.''

The intention of the Legislature in enacting section 91, *supra,* and section 42 of the Mortgage Law was that, when an action of the kind involved in the instant case should be brought, constructive notice could be given to the subsequent purchasers of the properties in controversy without actual knowledge of the pendency of the suit, thus precluding them from subsequently claiming the status of third persons. For the cautionary notice authorized by section 42 of the Mortgage Law it is necessary that the complaint refer to real property or to some real right. For the record of a notice of *lis pendens* authorized by section 91 of the Code of Civil Procedure all that is required is that the action affect the title or right of possesion of real property. See *Manrique de Lara* v. *Registrar, supra; Velázquez* v. *Registrar,* 27 P.R.R. 250; *Morales* v. *Cruz,* 36 P.R.R. 216, 217; *Padilla* v. *Registrar,* 39 P.R.R. 482, 488; *Fernández* v. *Registrar,* 45 P.R.R. 695, 698; and *Olivera* v. *Registrar, ante,* p. 399.

In the case before us there is an action pending and is founded on the grounds that the People of Puerto Rico, which is the plaintiff, granted to The Fajardo Sugar Company of Porto Rico and to the Loíza Sugar Company of Porto Rico corporate charters whereby both corporations accepted and expressly submitted themselves to the limitation provided for by the Joint Resolution of Congress of May 1, 1900, which prohibits them from owning or controlling land in excess of 500 acres; and that the other defendant requested and obtained a license to do business in Puerto Rico, accepting and submitting to said limitation; and that in violation of said Joint Resolution and of their corporate charter, the said three entities, by virtue of a common plan, formed and executed with the purpose of violating the law, control and possess some 23,800 acres of land. It is also

alleged in the complaint that The Fajardo Sugar Growers Association is a subsidiary of The Fajardo Sugar Co. of Porto Rico; and that the latter is the true owner of said land. A simple reading of the complaint is sufficient to convince us that the pending action affects the title and the right of possession of the real property with respect to which the notice of *lis pendens* has been recorded. The plaintiff is therefore entitled to have the notice of *lis pendens* continue recorded in the registry until the termination of the suit, that is, until it is determined by a judgment of this court whether the respondents have a valid title or whether they have a right to continue in the possession and control of the 23,800 acres of land in spite of the statutory prohibition.

We do not find that the distinction which the defendant attempts to establish in favor of the properties that it claims were acquired by it prior to said Acts Nos. 33 and 47 of 1935 is justified. When the three defendants were organized and obtained a license to do business in this Island, the Joint Resolution of May 1, 1900, the Act of March 1, 1902, establishing quo warranto proceedings (Rev. Stat. 1902, p. 282, Comp. Stat. 1911, secs. 1319–1327) and the Act of March 9, 1911, entitled "An Act to Establish a Law of private corporations" (Session Laws, p. 87, Comp. Stat. secs. 407–471) were already in force in this island. And said laws by themselves would be sufficient to support the action exercised in this proceeding, in accordance with our decision of June 4, 1936.

We think it is unnecessary for us to discuss again the questions raised by the defendant relating to the validity and constitutionality of said Acts Nos. 33 and 47 of 1935. Those questions were considered and decided, to the extent that we considered necessary to decide them, in the decision on the motion regarding lack of jurisdiction, which we rendered on June 4, 1936 (50 P.R.R. 156), and by which we abide.

For the reasons stated the motion requesting the cancellation of the records of *lis pendens* notices is denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.